UNITED STATES *v.* ENGEMAN *et al.*[1]

*(District Court, E. D. New York.   March 28, 1891.)*

1. COURTS—PROCEEDING TO CONDEMN LANDS FOR UNITED STATES—WHERE BROUGHT.
   A proceeding to condemn lands for the use of the United States, under the provisions of the act of congress of August 18, 1890, entitled "An act making appropriations for fortifications and other works of defense," etc., is properly brought in a district court of the United States.
2. EMINENT DOMAIN—FOLLOWING STATE PRACTICE.
   In such proceeding the practice should be in substantial conformity with the practice pursued in the courts of the state when similar proceedings are there instituted.

At Law.   On exception to the jurisdiction.

The United States filed this petition in this court to condemn a part of Plum island.   The statute of the United States authorizing the condemnation was the act of August 18, 1890, in which was the provision that the proceedings were to be prosecuted "in accordance with the laws" of the state in reference to similar proceedings.   The law of New York state is the general statute of 1890, (Sess. Laws 1890, p. 266,) the provision of which was as follows: "The proceeding shall be instituted by the presentation of a petition by the plaintiff to the supreme court."   The defendants excepted to the jurisdiction of this court, claiming that under the words of the two statutes in question the petition must be presented to the supreme court of the state.

*Thomas E. Pearsall*, (*R. D. Benedict*, of counsel,) for defendant.

*Jesse Johnson*, U. S. Dist. Atty.

BENEDICT, J.   This case comes before the court upon an exception to the jurisdiction.   It is a proceeding in the name of the United States to condemn certain land for the use of the United States, under a provision of law contained in the act "for making appropriations for fortifications and other works of defense, passed August 18, 1890."   This statute contains the following provision:

"Hereafter the secretary of war may cause proceedings to be instituted in the name of the United States in any court having jurisdiction of such proceedings, for the acquirement by condemnation of any land, or right pertaining thereto, needed for the site, location, construction, or prosecution of works for fortifications and coast defenses; such proceedings to be be prosecuted in accordance with the laws relating to suits for condemnation of property of the states wherein the proceeding may be instituted."

[1]Reported by Edward G. Benedict, Esq., of the New York bar.

The contention on the part of the defendant is that the requirement in this statute that the proceeding be prosecuted "in accordance with the laws relating to suits for the condemnation of property of the states wherein the proceeding may be instituted" makes it necessary that the proceeding be conducted under the statute of the state of New York, (Laws 1890, c. 95,) and in the supreme court of the state. This construction of the statute would exclude the United States from its own courts, and make the acquisition of property for the fortifications and coast defenses of the United States to depend upon the action of the state, through the state tribunals. Such, in my opinion, was not the intention of the statute. All that was intended was to require that when proceedings for the condemnation of land for the fortifications and coast defenses of the United States are taken in the courts of the United States the practice in such proceedings shall be in substantial conformity with the practice pursued in the courts of the state when similar proceedings are there instituted. This construction is confirmed by the provision in this statute which authorizes the institution of such proceedings "in any courts having jurisdiction of such proceedings." If it had been intended that the words "any courts" as here used should not include the courts of the United States, such intention would have been manifested by appropriate language. This view of the law makes it unnecessary to determine whether the state court would have jurisdiction of a proceeding like this when taken by the United States; proceedings taken for the condemnation of real estate by virtue of the state statute of April 4, 1890, being limited, by the words of the act, to cases where the petition is filed by a corporation, a joint stock association, the state, and a political division thereof, or a natural person.

The exception is overruled, and the defendants directed to answer in five days.